IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL FILE NO. |
| | : 1:05-CR-0269-TWT |
| v. | : |
| | : |
| PHILLIP E. HILL, | : |
| | : |
| Defendant. | : |
| _____ | : |

OPINION AND ORDER

This is a criminal action. It is before the Court on the Defendant's Motion for Reconsideration of Bond Pending Sentencing [Doc. 1112].

Procedural Background

On March 14, 2007, a jury returned guilty verdicts on 166 separate counts brought against the defendant related to conspiracy, bank fraud, mortgage fraud and money laundering. Following the verdicts, the Government made an oral motion to detain the defendant pending his sentence. This court granted the motion, finding that it was appropriate to remand the defendant based upon the danger that he would flee. The present motion came before the Court for a hearing on April 10, 2007. The defendant seeks a bond pending his sentencing which is presently scheduled for July 12, 2007.

Discussion

The Bail Reform Act of 1984 establishes a presumption in favor of detaining convicted defendants pending sentencing.[1] Codified at 18 U.S.C. § 3143(a), the law provides in relevant part that a "judicial officer <u>shall</u> order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained." § 3143(a) (emphasis added). A provision of this same law provides an exception to the general detention rule if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . ." <u>Id</u>. The defendant contends that he is not a risk to flee prior to sentencing as evidenced by his prior appearances as required by the court before the verdicts were returned. He further argues that his risk to flee would be lessened by his family's posting of additional residential and business properties as security on his bond.

This Court, having fully considered the arguments presented by defendant's counsel and the testimony of the defendant, finds that there is not clear and convincing evidence that the defendant is not likely to flee if released pending sentencing in this case. The defendant is facing a sentence of incarceration in this case that will most likely be at least thirty years. Further, the court does not believe that the defendant will be able to avoid this sentence based upon any grounds for appeal. Accordingly,

---

[1] Pub.L.No. 98-473, Title II, § 203(a), 98 Stat. 1981-82 (1984).

this certain lengthy sentence gives the defendant an overwhelming motivation to flee. The court finds further that the defendant's motivation to flee is not overcome by the proposed addition of property security offered by his family members.

For the reasons stated herein and as further stated at the April 10, 2007 hearing, the Defendant's Motion for Reconsideration of Bond Pending Sentencing [Doc. 1112] is DENIED.

SO ORDERED this 23rd day of April, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge