IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:05-CR-269-11-TWT |
| PHILLIP E. HILL, | |
| Defendant. | |

**OPINION AND ORDER**

This is the excellent foppery of the world, that when we are sick in fortune, often the surfeits of our own behavior, we make guilty of our disasters the sun, the moon, and stars; as if we were villains on necessity; fools by heavenly compulsion; knaves, thieves, and treachers by spherical predominance; drunkards, liars, and adulterers by an enforced obedience of planetary influence; and all that we are evil in, by a divine thrusting on.
– William Shakespeare, King Lear, Act 1, Scene 2.

This is a bank fraud, mortgage fraud, and money laundering case. It is before the Court on the Report and Recommendation [Doc. 1853] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 1781 & 1835]. From 2000 to at least 2003, the Defendant was the ringleader of the largest mortgage fraud conspiracy ever prosecuted in the Northern District of Georgia. During at least part of this time, the Defendant was on probation for an earlier

mortgage fraud scheme. In his affidavit and in his testimony at the evidentiary hearing, the Defendant claims that he was offered a plea agreement of 12 years, and that he rejected this on advice of defense counsel that he had a complete defense to the case. All of this is false and a complete fabrication.

First, there was no plea agreement. At the evidentiary hearing, defense counsel and the prosecutor both testified that there were preliminary discussions about the possibility of a guilty plea but that no offer was made and no agreement was reached. The testimony of Ms. Nelan and Mr. Morris is entirely credible and consistent with the subsequent course of events. Mr. Hill's testimony that there was a plea offer of 12 years is not credible. Mr. Hill is a twice convicted felon whose crimes involved fraud, dishonesty and deceit on an enormous scale. Any testimony by him involving the subject of money or his self-interest is inherently suspect. During plea negotiations defendants are entitled to the effective assistance of competent counsel. Lafler v. Cooper, __ U. S. __, 132 S. Ct. 1376, 1384 (2012). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Id. It is, of course, true that defendants have no right to be offered a plea. "If no plea offer is made . . . the issue raised here simply does not arise." Id. at 1387. That is the case here. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be

favorable to the accused." <u>Missouri v. Frye</u>, __ U. S. __, 132 S. Ct. 1399, 1408 (2012). There was no formal plea offer here.

 Second, I would have rejected the alleged plea agreement. Mr. Hill testified that Mr. Morris told him that Ms. Nelan offered a plea bargain for a 12 year sentence with the possibility of a further reduction if he cooperated. I require all plea agreements to be in writing so that there can be no misunderstandings as to what is being offered in exchange for a guilty plea.  Therefore, if this alleged oral agreement to plead guilty to some unspecified charges had been presented to me, I would have rejected it. Trial courts may adopt measures "to help ensure against late, frivolous, or fabricated claims . . . " <u>Id.</u> Requiring plea agreements to be in writing is one such measure.  Also, it is impossible now to state with any reasonable probability whether Mr. Hill would have adequately admitted his guilt to the fraud charges to allow me to accept a guilty plea.

 Third, Mr. Hill did not reject a plea offer because of bad advice from Mr. Morris. Mr. Hill's testimony that Mr. Morris told him to reject the plea offer because he had a complete defense to the case is not credible. Mr. Morris' testimony at the evidentiary hearing is completely credible. There was no plea agreement; Mr. Morris did not tell Mr. Hill that he should reject a plea offer and go to trial; and Mr. Hill made the decision to go to trial because he said he was innocent and did not want to give up his money and his properties. There was no ineffective assistance of counsel and

certainly no prejudice because of what Mr. Morris might have advised the Defendant if there had been a definite plea offer.

Fourth, the Court's refusal to give a good faith reliance upon counsel instruction did not mean that the Defendant had no defense or that Mr. Morris was guilty of ineffective assistance of counsel. The Court charged the jury that "good faith is a complete defense to the bank, wire and mail fraud charges in the indictment . . . ." Mr. Morris argued this in his closing argument. Mr. Hill's testimony that he would have pleaded guilty if he knew that he had no defense is not credible. Mr. Hill knew after the charge conference that I was not going to give the good faith reliance on counsel charge. If he wanted to plead guilty without an agreement, he could have done so at any time prior to the jury verdict over a week later. He did not do so. He gambled on a not guilty verdict or a hung jury and lost. Mr. Hill does not now get a do-over because he is unhappy with his 30 year sentence. In any event, defense counsel are not held to a standard of perfection. Mistakes in predicting what evidence will be admitted, what witnesses will testify or what instructions will be given by the judge are ordinarily not sufficient to constitute ineffective assistance of counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466

U.S. 668, 686 (1984). That did not happen here.

The Defendant's Objections to the Report and Recommendation of the Magistrate Judge are completely without merit. They are fundamentally based upon false testimony by Mr. Hill and wild speculation as to what Mr. Hill might have done if he had gotten different advice. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Vacate Sentence [Doc. 1781 & 1835] is DENIED. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S. C. § 2253(c)(2). The Defendant has failed to make such a showing. The request for a Certificate of Appealability is DENIED.

SO ORDERED, this 16 day of January, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge